Filed 8/8/25  P. v. Profit CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSHUA PROFIT,<br><br>    Defendant and Appellant. | F088238<br><br>(Super. Ct. No. BF127246A)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth C. Twisselman II, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ian Whitney, and Jesica Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

In 2010, appellant and defendant Joshua Profit (appellant) was convicted of second degree murder and other offenses. He was sentenced to 55 years to life plus a determinate term that included two prior prison term enhancements (Pen. Code, § 667.5, subd. (b)).[1] The court also imposed a restitution fine of $200 (§ 1202.4, subd. (b)) and two assessments.

In 2024, the trial court recalled the judgment for resentencing pursuant to section 1172.75, dismissed the two prior prison term enhancements and the prior serious felony enhancement (§ 667, subd. (a)) and reduced his aggregate sentence to six years plus 55 years to life. The trial court again imposed a restitution fine of $200, along with the same amounts previously ordered for the two assessments. In doing so, the court clarified appellant was not being ordered to pay the same fines and assessments twice, but he was only responsible for any balances remaining due.

On appeal, appellant argues any balance remaining due for the $200 restitution fine must be stricken based on the provisions of section 1465.9, subdivision (d), which became effective after the recall and resentencing hearing in this case, and states that "[u]pon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated." (§ 1465.9, subd. (d).)

Appellant argues section 1170, subdivision (d) applies to his case since the judgment after resentencing is not yet final, and the restitution fine was originally imposed in 2011. The People assert subdivision (d) is inapplicable to appellant's case; they argue that since the trial court vacated the original judgment from 2011, it had

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

jurisdiction to reimpose the restitution fine at the resentencing hearing in 2024, and the 10-year period has not yet run.

We find that section 1465.9, subdivision (d) is retroactive to appellant's case, he is entitled to the benefit of subdivision (d) since the restitution fine of $200 was "imposed" in 2011 (over 10 years ago), and the judgment must be modified accordingly to vacate any unpaid amounts. (See, e.g., *People v. Greeley* (2021) 70 Cal.App.5th 609, 625–627 (*Greeley*).) We will also modify the judgment to reflect that at the resentencing hearing, the trial court stated it was imposing the two assessments to the extent he had not already paid those amounts. As modified, the judgment is affirmed.

## PROCEDURAL BACKGROUND

On December 15, 2010, after a jury trial, appellant was convicted of count 1, second degree murder of Clarence Bagsby, committed on or about March 22, 2009 (§ 187, subd. (a)), as the lesser included offense of the charged crime of first degree premeditated murder, and the jury found true enhancements for personal use of a firearm (§ 12022.5, subd. (a)) and that a principal personally discharged a firearm causing death (§ 12022.53, subds. (d)(1), (e). He was also convicted of count 2, possession of a firearm by a felon (former § 12021, subd. (a)(1)). The jury found gang enhancements were not true.

The court found true the allegations that appellant had one prior strike conviction, one prior serious felony conviction enhancement (§ 667, subd. (a)), and two prior prison term enhancements (§ 667.5, subd. (b)).

## I. Sentence.

On January 27, 2011, the court denied appellant's request to dismiss the prior strike conviction and imposed an aggregate determinate term of 15 years plus an indeterminate term of 55 years to life as follows: the second strike term of 30 years to life for count 1, second degree murder, and consecutive terms of 25 years to life for the personal discharge enhancement (§ 12022.53, subds. (d), (e)(1)), five years for the prior

3.

serious felony enhancement, and two years for the two prior prison term enhancements; the court stayed the section 12022.5, subdivision (a) firearm enhancement. As to count 2, possession of a firearm by a felon, the court imposed the consecutive upper term of six years plus two years for the prior prison term enhancements.

Also as to count 1, the court ordered victim restitution (§ 1202.4, subd. (f)), and imposed a $200 restitution fine (§ 1202.4, subd. (b)) and suspended the parole revocation fine in the same amount (§ 1202.45).

As to both counts, the court imposed a total of $60 for the court operations assessments (§ 1465.8) and a total of $60 for the criminal conviction assessments (Gov. Code, § 70373).

## II. Direct Appeal.

In appellant's direct appeal, this court modified the finding on the section 12022.53 firearm enhancement by striking the reference to subdivision (e)(1); and modified the sentence on count 2 by striking the two years imposed for the section 667.5, subdivision (b) enhancements because the court erroneously imposed the prior prison term enhancements twice. As modified, the judgment was otherwise affirmed, and the trial court was ordered to prepare corrected abstracts of judgment. (*People v. Profit* (June 20, 2012, F061998) [nonpub. opn.].)

On September 28, 2012, the trial court filed amended abstracts of judgment for the determinate and indeterminate sentences, showing appellant was sentenced to an aggregate term of 13 years plus 55 years to life, with the same fines and assessments.

## SECTION 1172.75 PROCEEDINGS

On June 24, 2024, the trial court placed appellant's case on calendar for recall and resentencing pursuant to section 1172.75, because appellant's sentence included prior prison term enhancements.

## I.	Appellant's Sentencing Statement.

On May 16, 2024, appellant's counsel filed a sentencing statement requesting dismissal of the two prior prison term enhancements imposed on count 1, second degree murder; dismissal of the prior strike conviction and the prior serious felony enhancement; and for the court to sentence appellant to 15 years to life for count 1, impose the lesser firearm enhancement of 10 years pursuant to section 12022.53, subdivision (b), and stay the midterm for count 2, felon in possession of a firearm.

## II.	The Trial Court's Hearing.

On May 29, 2024, the court held the section 1172.75 recall and resentencing hearing. Appellant was present with counsel.

The court dismissed the prior prison term enhancements. The court denied appellant's request to dismiss the prior strike conviction or stay the term for count 2, but granted his motion to dismiss the section 667, subdivision (a) prior serious felony conviction enhancement.

The court imposed the aggregate sentence of six years plus 55 years to life, based on the second strike term of 30 years to life for count 1, plus 25 years to life for the firearm enhancement, and the consecutive upper term of six years for count 2.

The court again ordered victim restitution (§ 1202.4, subd. (f)) and asked the parties if appellant had already paid the fines and fees. Defense counsel replied, "He says he has." Appellant addressed the court and stated: "I have, the victim and the institutional restitution." The court stated there were "some very small fees and fines, $30 here, another [$]200 fine. *It's already paid. I'm going to order him to pay them with the understanding if they're already paid, he doesn't have to pay them twice*." (Italics added.)

After stating that condition, the court again imposed a $200 restitution fine (§ 1202.4, subd. (b)) and suspended the parole revocation fine in the same amount (§ 1202.45). As to both counts, the court imposed a total of $60 for the court operations

5.

assessments (§ 1465.8) and $60 for the criminal conviction assessments (Gov. Code, § 70373).

Finally, the trial court stated appellant's credits were 5,373 days as of December 6, 2023, when the probation report was prepared, and directed the California Department of Corrections and Rehabilitation (CDCR) to calculate his updated credits as of the date of the resentencing hearing.[2]

## DISCUSSION

## SECTION 1465.9 AND THE RESTITUTION FINE

On appeal, appellant argues the $200 restitution fine that the court imposed at the resentencing hearing on May 29, 2024, must be vacated pursuant to the provisions of section 1465.9, subdivision (d), which went into effect after the resentencing hearing, because it states the balance of any restitution fine shall be unenforceable upon expiration of 10 years after the imposition of the fine. Appellant asserts this newly enacted statute is retroactive to his case because the judgment imposed after the resentencing hearing in 2024 is not yet final, 10 years have passed since the restitution fine was originally imposed in 2011, and any balance due for the fine must be vacated.

### I.    Section 1172.75 Recall and Resentencing.

We begin with the trial court's jurisdiction to recall and resentence. "In general, ' "once a judgment is rendered and execution of the sentence has begun, the trial court

---

[2]    On or about November 14, 2024, during the pendency of this appeal, appellate counsel sent a letter to the trial court pursuant to section 1237.2, and requested the court calculate appellant's updated credits and file an amended abstract of judgment, because it was the duty of the court and not CDCR to do so.

Appellant also raised this issue in his opening brief and requested remand for calculation of his updated credits. The People agreed the trial court should be ordered to update appellant's credits to 5,547 days and file an amended abstract of judgment.

On May 1, 2025, the trial court filed an amended abstract of judgment that updated his total credits to 5,547 days, thus resolving appellant's contention.

does not have jurisdiction to vacate or modify the sentence." ' [Citation.] However, there are many important exceptions to this general rule. [Citations.]" (*People v. Cota* (2023) 97 Cal.App.5th 318, 329.)

Such an exception is stated in section 1172.75's recall and resentencing procedures. (*People v. Cota*, *supra,* 97 Cal.App.5th at pp. 328–329, 332–333; *People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1119.) Once a defendant's sentence is recalled under section 1172.75, the judgment is no longer final. (*People v. Padilla* (2022) 13 Cal.5th 152, 161–162.)

"By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402; *People v. Coddington* (2023) 96 Cal.App.5th 562, 568.) The section 1202.4, subdivision (b) restitution fine is part of the judgment. (*People v. Hanson* (2000) 23 Cal.4th 355, 360–362.)

In this case, the trial court recalled appellant's sentence in order to dismiss the prior prison term enhancements as required by section 1172.75, and to resentence him. As the People correctly state, the trial court had jurisdiction at the resentencing hearing to reimpose every aspect of appellant's sentence, including the restitution fine, as long as the sentence was not higher than what was previously ordered.

## II.    Section 1465.9.

While the trial court had jurisdiction to impose a restitution fine at the May 29, 2024, resentencing hearing, appellant asserts that any balance remaining due of the originally imposed $200 restitution fine must be vacated under the provisions of section 1465.9, subdivision (d).

Section 1465.9 was initially enacted by Assembly Bill No. 1869 (2019–2020 Reg. Sess.) and became effective on July 1, 2021. The first version, now contained in subdivision (a), " 'eliminate[d] the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and …

eliminate[d] all outstanding debt incurred as a result of the imposition of [identified] administrative fees.' " The first version of section 1465.9 did not address the section 1202.4, subdivision (b) restitution fine. (*Greeley*, *supra*, 70 Cal.App.5th at pp. 625–626; Stats. 2020, ch. 92, § 2.)

As relevant herein, section 1465.9 was amended in 2021 to add subdivision (b), which states: "On and after January 1, 2022, the balance of *any court-imposed costs* pursuant to Section 1001.15, 1001.16, 1001.90, *1202.4 …* , as those sections read on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Assem. Bill No. 177 (2021–2022 Reg. Sess.) (Stats.2021, c. 257, § 35, eff. Sept. 23, 2021, italics added) (Assembly Bill 177).) Assembly Bill 177 also repealed and then reenacted section 1202.4, eliminating former subdivision (*l*), which authorized county administrators to impose an administrative fee to cover the costs of collecting the restitution fine. This repeal, however, left the rest of section 1202.4 intact, including the authorization of restitution fines. (Stats. 2021, ch. 257, §§ 19, 20.)

Effective January 1, 2025, section 1465.9 was again amended and added subdivision (d), which states: "Upon the expiration of *10 years after the date of imposition of a restitution fine* pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated." (Assem. Bill No. 1186 (2023–2024 Reg. Sess.) Stats.2024, c. 805, § 1, eff. Jan. 1, 2025, italics added (Assembly Bill 1186).)

Section 1465.9, subdivision (d) became effective after the trial court conducted appellant's recall and resentencing hearing on May 29, 2024, but it is applicable since the judgment after the resentencing is not yet final. " ' "If the amendatory statute lessening punishment … becomes effective prior to the date the judgment of conviction becomes final then, in our opinion, it, and not the old statute in effect when the prohibited act was committed, applies." ' ' "[F]or the purpose of determining retroactive application of an

8.

amendment to a criminal statute, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed." ' [Citation.]." (*People v. Covarrubias* (2016) 1 Cal.5th 838, 935.)

Section 1465.9, subdivision (d) is potentially applicable to this case since it went into effect while the instant appeal was pending, and the trial court's judgment of May 29, 2024, is not yet final.

## III. Analysis.

The parties agree section 1465.9, subdivision (d), is potentially applicable to appellant's case since the judgment after resentencing is not yet final. However, the People assert that while the restitution fine was imposed as part of the original judgment in 2011, that judgment was recalled and vacated in 2024, it is no longer valid, and subdivision (d) is inapplicable since the restitution fine was imposed after resentencing in 2024, and the 10-year period has not run.

It is settled that the court's imposition of the section 1202.4, subdivision (b) restitution fine is part of the judgment. (*People v. Hanson, supra,* 23 Cal.4th at pp. 360–362.) Section 1465.9, subdivision (d), however, provides relief to a defendant "[u]pon expiration of 10 years after the date of *imposition* of a restitution fine pursuant to Section 1202.4…." (Italics added.) This language does not define the 10-year period as accruing after the entry or execution of the judgment.

While the trial court recalled the judgment that was entered in 2011, and that judgment included the restitution fine, section 1465.9, subdivision (d) expressly defines the 10-year period to run after the "imposition" of that restitution fine. We thus conclude that section 1465.9, subdivision (d) is retroactive to appellant's case since the judgment after the resentencing hearing is not yet final, appellant is entitled to the benefit of subdivision (d) since the restitution fine of $200 was "imposed" in 2011, over 10 years ago, and agree with appellant that the judgment must be modified accordingly to vacate those amounts. (See, e.g., *Greeley*, *supra*, 70 Cal.App.5th at pp. 625–627.)

## IV.    The Two Assessments.

We further note that at the 2024 resentencing hearing, the trial court expressly stated that while it was reimposing the same amounts for the restitution fine and the two assessments, it did not intend for appellant to pay the same amounts twice based on its belief that appellant may have already paid these fines and fees.

Appellant acknowledges the trial court "believed [he] had paid the restitution fine, but it did not state the basis for this belief.  It is not clear from the record that the restitution fine has been paid."  The record, however, shows the trial court's "belief" was based on the following statements from appellant and his attorney at the May 29, 2024, resentencing hearing.

> "THE COURT:      With regard to other fees and fines, do we know if [appellant] has already paid those fees and fines?
>
> "[APPELLANT'S COUNSEL]:   *He says he has.*
>
> "THE COURT:      Yes, Mr. Profit?
>
> "[APPELLANT]:   *I have, the victim and the institutional restitution.*
>
> "THE COURT:      There's some very small fees and fines, $30 here, another [$]200 fine.  It's already paid.  I'm going to order him to pay them with the understanding if they're already paid, he doesn't have to pay them twice."  (Italics added.)

In light of the statements from appellant and his counsel, the court reimposed the $200 restitution fine and the two other assessments but expressly stated appellant did not have to pay the same amounts twice.

Section 1465.9, subdivision (d) does not apply to the two assessments imposed in this case.  We will order modification of the judgment to reflect that at the resentencing hearing, the trial court stated it was reimposing the two assessments only to the extent appellant has not already paid these amounts.

## DISPOSITION

The matter is remanded for the trial court to modify the judgment to reflect that any balance, including any collection fees, remaining due for the $200 restitution fine that was imposed in 2011, pursuant to section 1202.4, subdivision (b), is vacated. (§ 1465.9, subd. (d).)

The judgment is further modified to reflect that appellant is liable to pay $60 for the court operations assessments (§ 1465.8) and $60 for the criminal conviction assessments (Gov. Code, § 70373), only to the extent he has not already paid those amounts.

As modified, the judgment is affirmed.  The clerk of the superior court is directed to prepare an amended abstract of judgment to reflect the judgment as modified and forward a copy of it to CDCR and all other appropriate parties.


LEVY, Acting P. J.

WE CONCUR:


MEEHAN, J.


SNAUFFER, J.

11.